UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL T. VIRGIN,

    Plaintiff,

v.                                                               Case No:   6:16-cv-763-Orl-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Michael T. Virgin's Complaint (Doc. 1) filed on May 4, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claims for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The impairment must be

severe, making the claimant unable to do his previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On June 15, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. at 191). Plaintiff had a previous application denied by an Administrative Law Judge ("ALJ") on October 29, 2009. (Tr. at 68-82). As a result, Plaintiff's current application asserted an onset date of October 30, 2009. (Tr. at 191). Plaintiff's application was denied initially on July 29, 2011, (Tr. at 102), and upon reconsideration on September 22, 2011, (Tr. at 117). A video hearing was held before ALJ George Gaffney on December 5, 2012. (Tr. at 30-67). The ALJ issued an unfavorable decision on January 2, 2013. (Tr. at 13-29). The ALJ found Plaintiff not to be under a disability from October 30, 2009 through December 31, 2009, the date last insured. (Tr. at 25).

On March 7, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-7). Plaintiff filed a Complaint (Doc. 1) in this Court on May 4, 2016. Defendant filed an Answer (Doc. 8) on July 12, 2016. The parties filed a Joint Memorandum. (Doc. 17). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 13). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2009. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2009, the alleged onset date, through December 31, 2009, the date last insured. (Tr. at 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments through the date last insured: "degenerative disc disease of the lumbar spine status post fusion, degenerative joint disease of the bilateral knees status post left femur fracture, and obesity." (Tr. at 17). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 19).

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "a range of light work." (Tr. at 20). In terms of exertional limitations, the ALJ found:

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

> [Plaintiff] is limited to only occasional lifting of twenty pounds and frequent lifting of ten pounds, standing six hours in an eight-hour workday, and sitting six hours in an eight-hour workday. [Plaintiff] is limited to only walking thirty minutes at a time. Regarding nonexertional limitations, [Plaintiff] is limited to only occasional stair climbing, stooping, balancing, kneeling, crouching, crawling, or ladder climbing.

(Tr. at 20) (footnotes omitted).

At step four, the ALJ determined that, through the date last insured, Plaintiff was capable of performing his past relevant work as a file clerk. (Tr. at 25). The ALJ stated that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. at 25). The ALJ found that, in comparing Plaintiff's RFC with the physical demands of this work, Plaintiff is able to perform it as actually and generally performed. (Tr. at 25).

Because the ALJ found Plaintiff could perform past relevant work at step four, the ALJ did not make findings at step five. (*See* Tr. at 25). Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 30, 2009, the alleged onset date, through December 31, 2009, the date last insured. (Tr. at 25).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     Analysis

Plaintiff raises one issue on appeal, "[w]hether the ALJ erred in assessing Plaintiff's residual functional capacity by giving little weight to the opinions of Plaintiff's treating pain management doctors." (Doc. 17 at 18). Plaintiff contends that the ALJ improperly discounted the opinions of (1) S. Farhan Zaidi, M.D. and (2) Joseph M. Brooks, M.D. (*Id.*).

### A.     Legal Standards

Medical opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the factors an ALJ must consider include: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r,*

*Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

B. The ALJ's Review of the Opinion Evidence

1. S. Farhan Zaidi, M.D.

Plaintiff contends that the ALJ erred in his review of Dr. Zaidi's opinion. (Doc. 17 at 18). Plaintiff states that Dr. Zaidi began treating his chronic neck and low back pain on September 20, 2012. (*Id.* at 20 (citing Tr. at 423)). Plaintiff states that Dr. Zaidi gave an opinion for Plaintiff's restrictions for the period starting October 30, 2009 through November 15, 2012. (*Id.*). Plaintiff argues that "[t]he ALJ never considered that Dr. Zaidi's retrospective opinion was entitled to more weight because he worked at the [same medical treatment center] where Plaintiff had been receiving treatment for his degenerative disc and joint disease since 2005." (*Id.*). Plaintiff argues that "Dr. Zaidi knew and worked with all of Plaintiff's previous surgeons and pain management specialists." (*Id.*).

Additionally, Plaintiff takes issue with the weight the ALJ gave to Dr. Zaidi's opinion. (*See id.* at 22). Plaintiff argues that the reasons the ALJ gave for not giving Dr. Zaidi's opinion controlling weight are not supported by substantial evidence. (*See id.*). Specifically, Plaintiff notes that the ALJ found that Dr. Zaidi's opinion was "not entitled to controlling weight because it is inconsistent with other substantial evidence in record; specifically, clinical examination findings and additional opinion evidence." (*Id.* (citing Tr. at 24)). Plaintiff points out that the ALJ cited three pieces of evidence in support of this finding: (1) Exhibit B3A – the initial denial by a single decision maker ("SDM"); (2) Exhibit B5A – the denial on reconsideration by P.S. Krishnamurthy, M.D., a state agency non-examining physician; and (3) the ALJ's own findings in Section 5(A) of his decision – *i.e.*, the ALJ's findings and analysis that the medical evidence in record establishes that Plaintiff's RFC is within the light exertional level. (*Id.* (citing Tr. at 24)). Plaintiff argues that none of these pass muster. (*See id.*).

Specifically, Plaintiff argues that the SDM's opinion is not a medical opinion and, thus, cannot be substantial evidence. (*Id.*). Plaintiff contends that Dr. Krishnamurthy's opinion should be discounted because the doctor never saw Dr. Zaidi's retrospective opinion dated November 15, 2012. (*Id.*). Moreover, Plaintiff argues that the ALJ selectively cited normal findings in Section 5(A) of his decision while ignoring Dr. Brooks' opinion and other findings from Plaintiff's orthopedic surgeon. (*Id.* at 24). Plaintiff further argues that the ALJ erred by giving more weight to Dr. Krishnamurthy's opinion than Dr. Zaidi's opinion. (*Id.* at 28).

Furthermore, Plaintiff argues that "[t]he ALJ failed to follow the guidelines of 20 C.F.R. §404.1527(c) when evaluating Dr. Zaidi's opinion" because "[w]hile the ALJ acknowledged Dr. Zaidi was a treating physician, he did not give Dr. Zaidi's opinion any deference nor did the ALJ acknowledge Dr. Zaidi's specialization as a pain management doctor." (*Id.* at 27). Plaintiff contends that even "[i]f good cause exists for not giving the treating physician's opinion controlling weight, the opinion must still be accorded substantial or considerable weight. (*Id.* at 28 (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)).

Defendant disagrees, arguing that the ALJ properly discounted Dr. Zaidi's opinion. (*Id.* at 30). Defendant argues that the ALJ correctly found that Dr. Zaidi's opinion was not entitled to controlling weight because substantial evidence supports a finding that Dr. Zaidi's opinion was not consistent with the records, specifically the clinical examination findings and other opinion evidence. (*Id.* at 30). Similarly, Defendant argues that substantial evidence supports the ALJ's reasons for declining to give Dr. Zaidi's opinion even significant weight. (*Id.*).

Further, as to Dr. Krishnamurthy's opinion, Defendant contends that, "[w]hile a non-examining opinion standing alone cannot be good cause to discount a treating opinion, the ALJ provided several other reasons to discount Dr. Zaidi's opinion." (*Id.* at 32). Defendant further

argues that "the regulations and case law do not prohibit the ALJ's consideration of non-examining opinion evidence in determining the weight to give a treating source." (*Id.* (citing *Straka-Acton v. Comm'r of Soc. Sec.*, No. 6:14-cv-630-ORL-GJK, 2015 WL 5734936, at *3 (M.D. Fla. Sept. 29, 2015))). Additionally, Defendant contends that "state agency medical and psychological consultants' opinions may be entitled to greater weight than even treating source opinions if better supported by evidence in the record." (*Id.* (citing 20 C.F.R. § 404.1527(e)(2)(i); SSR 96-6p, 1996 WL 374180, at *2-3; *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 874 (11th Cir. 2011))).

As a final matter, Defendant notes Plaintiff's contention "that the ALJ should have considered that Dr. Zaidi's opinion was entitled to more weight because he worked at the same facility where Plaintiff had been receiving treatment for his degenerative disc and joint disease since 2005." (*Id.* at 34). Defendant contends that "Plaintiff provides no authority for such a proposition and the regulation on treating sources speaks to such doctors in terms of the doctor's own treatment of a claimant, not their colleagues' treatment." (*Id.* (citing 20 C.F.R. § 404.1527(c)(2))).

In sum, Defendant argues that "the ALJ . . . evaluated the entirety of the evidence and concluded that the evidence supported [a] finding that Plaintiff could perform work consistent with the RFC." (*Id.* at 35). Thus, Defendant argues that "[t]he ALJ properly evaluated the medical opinion evidence." (*Id.*).

As stated above, good cause exists to discount a treating physician's opinion when (1) the opinion is not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the opinion is conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d

at 1240-41. In this case, the Court finds that the ALJ provided good cause for discounting Dr. Zaidi's opinion. *See id.*

As an initial matter, the ALJ declined to give Dr. Zaidi's opinion controlling weight because "it is inconsistent with other substantial evidence in record; specifically, clinical examination findings and additional opinion evidence." (Tr. at 24). In support, the ALJ cited (1) Exhibit B3A – the initial denial by an SDM; (2) Exhibit B5A – the denial on reconsideration by Dr. Krishnamurthy; and (3) the ALJ's findings in Section 5(A) of his decision. (*See id.*). Upon consideration, the ALJ's citations to the record in Section 5(A) of his decision provide substantial evidence in support of his finding that Dr. Zaidi's opinion is inconsistent with other substantial evidence in record. *See Phillips*, 357 F.3d at 1240-41.

Specifically, while Dr. Zaidi opined that Plaintiff had significant limitations, including the need to need to lie down or recline to rest every 1-2 hours for 15-30 minutes, (Tr. at 444), the ALJ nonetheless cited other evidence of record showing that Plaintiff had no joint swelling, cramps or weakness, no overt pain behavior, and full strength in the extremities with negative straight leg raise testing, no focal spasms, normal gait, and normal range of motion. (Tr. at 21-22 (citing Tr. at 347-48, 369, 392, 431)). Moreover, this is not a situation where the ALJ failed to consider alternative evidence. Indeed, the ALJ specifically noted Plaintiff's longitudinal treatment history for knee pain and back pain. (*See* Tr. at 21-22). Nonetheless, the ALJ ultimately concluded that the evidence did not support the severe limitations Dr. Zaidi opined. (*See* Tr. at 24). As indicated above, this Court is not tasked with reweighing the evidence but instead must determine whether the ALJ applied the correct legal standard, and whether his findings are supported by substantial evidence. *See McRoberts*, 841 F.2d at 1080; *Richardson*, 402 U.S. at 390. Here, substantial evidence of record cited by the ALJ supports a contrary

finding. Thus, the ALJ provided good cause to discount Dr. Zaidi's opinion and did not err by declining to give the opinion controlling weight. *See Phillips*, 357 F.3d at 1240-41.

Beyond the issue of controlling weight, the ALJ found that Dr. Zaidi's opinion was not entitled to even significant weight for three reasons: (1) the ALJ found Dr. Zaidi's opinion to be internally inconsistent; (2) during the relevant period, the ALJ found Dr. Zaidi's opinion regarding Plaintiff's limitations were not supported by any significant clinical examination findings; and (3) the ALJ found Dr. Zaidi's opinions to be inconsistent with Plaintiff's pattern of treatment. (Tr. at 24). Each of these reasons is supported by substantial evidence.

As to the ALJ's first reason for declining to give Dr. Zaidi's opinion even significant weight – *i.e.*, that Dr. Zaidi's opinion was internally inconsistent – the Court notes that, in one place, Dr. Zaidi opined that Plaintiff could lift and/or carry only less than five pounds, but in another place stated that Plaintiff was "restricted lifting heavy items." (Tr. at 24 (citing Tr. at 444)). The Court agrees with the ALJ's reasoning that "the ability to lift even five pounds is not consistent with 'lifting heavy items.'" (*See* Tr. at 24). Thus, Dr. Zaidi's opinion may be considered internally inconsistent. (*See* Tr. at 24). As a result, the Court finds that the ALJ's stated reason provides good cause to discount Dr. Zaidi's opinion. *See Phillips*, 357 F.3d at 1240-41.

Additionally, the ALJ also cited Plaintiff's ability to assist with light household chores and to take the stairs to his second floor apartment as being inconsistent with Dr. Zaidi's extreme postural limitations. (Tr. at 24). While this finding does not necessarily speak to the internal consistency of Dr. Zaidi's opinions, the finding does suggest that the evidence of record supports a conclusion other than Dr. Zaidi's opinion. Thus, this reason also constitutes good cause to discount Dr. Zaidi's opinion. *See Phillips*, 357 F.3d at 1240-41.

The ALJ's second reason for discounting Dr. Zaidi's opinion is that, during the relevant period, the limitations that Dr. Zaidi opined are not supported by any significant clinical examination findings. (Tr. at 24). A review of the briefing shows that Plaintiff did not point to any significant clinical examination findings from the relevant time period to rebut this point. (*See* Doc. 17 at 18-28). Thus, Dr. Zaidi's opinion was not bolstered by the evidence. The ALJ's stated reason, therefore, provides good cause to discount Dr. Zaidi's opinion. *See Phillips*, 357 F.3d at 1240-41.

The final reason given by the ALJ for declining to give Dr. Zaidi's opinions significant weight was that the opinions are inconsistent with Plaintiff's pattern of treatment. (Tr. at 24). On this point, this Court has previously stated that the absence of limitations in treatment notes does not, standing alone, provide good cause reasons to assign less than substantial or considerable weight to a treating physician. *Straka-Acton*, 2015 WL 5734936, at *3 (citing *Lamb*, 847 F.2d at 703). Nonetheless, an "ALJ is not prohibited from considering such evidence when weighing a treating physician's opinion," *id.*, nor is this consideration precluded from being a part of the ALJ's reasons for discounting a treating physician's opinion. *See id.*

In this case, the ALJ found:

> Over the course of treatment by any physician, the physicians never made limitations on the claimant's ability to walk, sit, or lift/carry, which are integral parts of these opinions. In fact, there is no mention of any functional limitations consistent with the severity discussed in this opinion. In addition, the physician's indication that the prescription medication would interfere with the claimant's abilities is inconsistent with the claimant's continuous reports of no side effects from the medication. Given the inconsistency with the longitudinal record, the physician's opinion is not entitled to significant weight.

(Tr. at 24 (internal citations omitted)). Plaintiff did not rebut this point. (*See* Doc. 17 at 18-28). Thus, while the lack of limitations in treatment notes, standing alone, cannot constitute good cause for discounting Dr. Zaidi's opinion, the Court finds that the ALJ did not err in making this

finding as a part of his reasons for discounting Dr. Zaidi's opinion. *See Straka-Acton*, 2015 WL 5734936, at *3.

In sum, the Court finds that the ALJ provided good cause for discounting Dr. Zaidi's opinion. *See Phillips*, 357 F.3d at 1240-41. Because the ALJ provided good cause to discount Dr. Zaidi's opinion, the Court need not address Plaintiff's other arguments. For the sake of clarity, however, the Court addresses Plaintiff's remaining arguments below.

For example, Plaintiff contends that the ALJ's citations to the decisions by the SDM and Dr. Krishnamurthy cannot be substantial evidence. (Doc. 17 at 22).

As to the SDM's decision, the Court notes that an SDM, with no apparent medical credentials, is not an acceptable medical source. *See Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871 (11th Cir. 2012). Nonetheless, while it is improper for an ALJ to consider the opinion of an SDM, the Eleventh Circuit has stated that an ALJ commits harmless error when his review of an SDM's opinion is confirmed by other objective medical evidence of record. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 266 (11th Cir. 2009). In this case, any potential error by the ALJ in referencing the SDM's decision is harmless because other substantial evidence of record supports the ALJ's decision to discount Dr. Zaidi's opinion. (*See* Tr. at 24).

Similarly, as to Dr. Krishnamurthy's opinion, Plaintiff takes issue with the fact that (1) Dr. Krishnamurthy is a nonexamining consultative physician; (2) the ALJ gave more weight to Dr. Krishnamurthy's opinion; and (3) Dr. Krishnamurthy never saw the retrospective opinion of Dr. Zaidi. (*See* Doc. 17 at 22). The Court finds that none of these points are a basis for remand.

For instance, the Court notes that an ALJ may not rely on the opinion of a nonexamining consultative physician, standing alone, as a good cause reason to assign a treating physician's

opinion less than substantial or considerable weight. *Straka-Acton*, 2015 WL 5734936, at *3 (citing *Lamb*, 847 F.2d at 703)). Nonetheless, an ALJ is not prohibited from considering this evidence when weighing the opinion of a treating physician. *See id.* Here, because the ALJ provided other good cause reasons for discounting Dr. Zaidi's opinion, the ALJ did not err in relying, in part, on the opinion of the state agency nonexamining physician Dr. Krishnamurthy. *See id.*

Similarly, while Plaintiff takes issue with the fact that the ALJ assigned more weight to Dr. Krishnamurthy's opinion than Dr. Zaidi's opinion, the Court notes that an ALJ is not prohibited from giving more weight to non-examining state agency consultative physicians when their opinions are better supported by the record. *See Jarrett*, 422 F. App'x at 874 (finding that the ALJ did not err in giving a treating physician's little weight and instead crediting the opinion of the state agency consultants because their opinions were better supported by the record). Here, as stated above, the ALJ provided good cause reasons supported by substantial evidence of record for discounting Dr. Zaidi's opinion. Moreover, it is clear that the ALJ's ultimate RFC findings were based, at least in part, on the substantial evidence of record cited by the ALJ to discount Dr. Zaidi's opinion. (*See* Tr. at 24). Further, a review of Dr. Krishnamurthy's opinion shows that it is more consistent with the ALJ's RFC findings than Dr. Zaidi's opinion. (*See* Tr. 20, 103-16). As such, the record supports a finding that Dr. Krishnamurthy's opinion is better supported by the record. *See id.*

As a final matter as to Dr. Krishnamurthy's opinion, Plaintiff takes issue with the fact that Dr. Krishnamurthy never saw the retrospective opinion of Dr. Zaidi. (Doc. 17 at 20). The Eleventh Circuit has previously indicated, however, that even if a non-examining doctor was unable to review all of the claimant's medical records before making an RFC determination,

there is no error if the nonexamining physician cited portions of the record in support of his conclusions, and the ALJ, who made the ultimate determination, had access to the entire record as well as the claimant's testimony. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013). Here, while Dr. Krishnamurthy did not review all of Plaintiff's medical records, Dr. Krishnamurthy cited portions of the record in support of his conclusions. (*See* Tr. at 103-16). Moreover, the ALJ – who made the ultimate determination – had access to the entire record as well as Plaintiff's testimony. Thus, the Court cannot find error here. *See Cooper*, 521 F. App'x at 807.

As an additional matter, Plaintiff takes issue with the ALJ's failure to acknowledge Dr. Zaidi's specialization as a pain management doctor. (Doc. 17 at 27). The Court notes, however, that specialization is only one factor an ALJ considers when giving weight to a physician's opinion. *See* 20 C.F.R. § 404.1527(c). Moreover, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Here, because the ALJ provided other good reasons for discounting Dr. Zaidi's opinion, the Court cannot find error in any failure by the ALJ to acknowledge Dr. Zaidi's specialization in pain management. *See id.*

As a final matter, Plaintiff argues that "Dr. Zaidi's retrospective opinion was entitled to more weight because he worked at the [same medical treatment center] where Plaintiff had been receiving treatment for his degenerative disc and joint disease since 2005" and because "Dr. Zaidi knew and worked with all of Plaintiff's previous surgeons and pain management specialists." (Doc. 17 at 20). Nonetheless, Plaintiff's briefing fails to cite any legal authority in support of this contention. (*See id.*). Thus, the Court has no basis to conclude that Dr. Zaidi's

employment at the same treatment facility as Plaintiff's other providers is a valid reason to give Dr. Zaidi's opinion more weight. (*See id.*).

In sum, the ALJ properly discounted Dr. Zaidi's opinion. *See Phillips*, 357 F.3d at 1240-41. Thus, the ALJ's decision on this ground is affirmed.

### 2. Joseph M. Brooks, M.D.

The Court next addresses Plaintiff's arguments regarding Dr. Brooks' opinion. On this point, Plaintiff notes that Dr. Brooks gave a medical opinion dated June 25, 2009. (Doc. 17 at 19 n.3). While Plaintiff acknowledges that the opinion was considered and rejected by the ALJ in a previous decision related to a previous application for benefits, Plaintiff argues that Dr. Brooks' June 25, 2009 opinion should have been considered by the ALJ in the present case. (*Id.*). Specifically, Plaintiff contends that the ALJ "open[ed] the door" to considering Dr. Brooks' June 25, 2009 opinion because (1) the ALJ discusses Dr. Brooks' treatments notes during the time period the opinion was given—*i.e.*, four months before the ALJ's decision and (2) "Dr. Brooks was providing pain management during the relevant time period (October 30, 2009 through December 31, 2009)." (*Id.*). Thus, Plaintiff argues that the ALJ improperly ignored Dr. Brooks' June 25, 2009 opinion. (*Id.* at 23).

Defendant disagrees, arguing that Dr. Brooks' opinion was considered by the ALJ in Plaintiff's previously adjudicated application and, thus, is subject to administrative *res judicata*. (*Id.* at 29 (citing Tr. at 80)). Defendant contends that "[u]nder the Commissioner's regulations, administrative res judicata applies when the agency has made a previous final determination or decision regarding the claimant's rights on the same facts and issues." (*Id.* (citing 20 C.F.R. § 404.957(c)(1); *Cash v. Barnhart*, 327 F.3d 1252, 1255-56 (11th Cir. 2003))). Defendant argues that "[b]ecause the ALJ in the prior decision considered and discounted Dr. Brooks's opinion,

the ALJ here was not required to re-address the opinion." (*Id.* (citing *Baxley v. Colvin*, No. 5:12-cv-69/EMT, 2013 WL 3107968 at *6-7 (N.D. Fla. Jun. 17, 2013))).

In evaluating this issue, the Court notes that "[a]dministrative *res judicata* applies when the Commissioner '[has] made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and [the] previous determination or decision has become final by either administrative or judicial action.'" *Freese v. Colvin*, No. 8:15-CV-1315-T-27AAS, 2016 WL 4487916, at *5 (M.D. Fla. Aug. 5, 2016) (citing 20 C.F.R. §§ 404.957(c), 416.1457(c); *Atkins v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x. 864, 868 (11th Cir. 2015); *Cash*, 327 F. 3d at 1254-55), *report and recommendation adopted*, No. 8:15-CV-1315-T-27AAS, 2016 WL 4487865 (M.D. Fla. Aug. 24, 2016). Here, the parties do not dispute that the previous decision was final or that the ALJ rejected the Dr. Brooks' June 25, 2009 opinion in that previous decision. (*See* Doc. 17 at 19 n.3; *see id.* at 29-30). Instead, Plaintiff argues that the ALJ "open[ed] the door" to considering Dr. Brooks' opinion by his treatment of the decision in the opinion. (Doc. 17 at 19 n.3).

The Court construes Plaintiff's argument to be that the ALJ reopened the issues from Plaintiff's previous application for benefits. *See id.* The Court notes, however, that the Agency's decision "to reopen a previous application is not reviewable by this court." *Freese*, 2016 WL 4487916, at *5 (citing 20 C.F.R. §§ 404.903(l), 416.1403(a)(5); *Cash*, 327 F.3d at 1256). Moreover, courts typically only make an exception to this rule "where a final decision on a prior social security claim is in fact reopened and reconsidered on the merits to any extent on the administrative level." *Cash*, 327 F.3d at 1256 (citation and internal quotation marks omitted).

In this instance, the Court agrees with Defendant and finds that the ALJ did not err in his consideration of Dr. Brooks' June 25, 2009 opinion. (*See* Doc. 17 at 29). Specifically, it is clear that the ALJ only reviewed Dr. Brooks' opinion to the extent necessary to provide context to the current decision. (*See* Tr. at 18-25). The ALJ did not address the merits of Plaintiff's previous application for benefits. *See Cash*, 327 F.3d at 1256. As a result, the Court finds that, because the ALJ considered and discounted Dr. Brooks' June 25, 2009 opinion in the prior decision, administrative *res judicata* applies such that the ALJ was not required to re-address the opinion in the current decision. *See id.*

The Court, therefore, affirms the ALJ's decision on this ground.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 27, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties